UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA ALVAREZ LLANES,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE,<br>Respondent. | Case No.: 26-cv-5965-RSH-VET<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING** |

On October 19, 2026, Petitioner Mariela Alvarez Llanes, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1.

Petitioner is a citizen of Cuba who was paroled into the United States on October 27, 2017. ECF No. 5-2 at 3. On January 18, 2023, a Florida court convicted Petitioner of possession of cocaine and possession of a controlled substance. ECF No. 5-1 at ¶ 9. Petitioner was transferred to ICE from Miami Dade County Jail on August 15, 2024 where she was issued a Notice to Appear charging her as removable based on a controlled substance conviction. *Id.* at ¶ 10. Petitioner was released on her own recognizance on the same day. *Id.*

///

On July 31, 2026, an immigration judge ordered Petitioner removed to Cuba *in absentia*. ECF No. 5-3 at 2–3. Subsequently, on August 19, 2026, Florida authorities arrested Petitioner for trespass and she was transferred to ICE custody on September 14, 2026. ECF No. 5-1 at ¶ 12; 5-2 at 3.

Petitioner contends her current detention violates her rights to due process because she was arrested without being served with a Form I-200 arrest warrant. ECF No. 1 at 6. In its Return, the Government contends that Petitioner's removal order became administratively final upon entry on July 31, 2026, that 8 U.S.C. § 1231(a) therefore governs Petitioner's detention, and that ICE therefore had no obligation to obtain a Form I-200 warrant under 8 U.S.C. § 1226(a). ECF No. 5 at 3–4.

The Government is **DIRECTED** to file, on or before **November 16, 2026**, a supplemental brief addressing the following:

1. When Petitioner's *in absentia* removal order became or becomes administratively final? *See Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021).

2. Whether any legal authority supports the Government's contention that no warrant was required for Petitioner's arrest?

**IT IS SO ORDERED.**

Dated: November 3, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge