UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIELA ALVAREZ LLANES,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No.: 26-cv-5965-RSH-VET

**ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS**

On October 19, 2026, petitioner Mariela Alvarez Llanes, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") challenging her detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. For the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner is a citizen of Cuba who was paroled into the United States on October 27, 2017. ECF No. 5-2 at 3. Petitioner subsequently applied for lawful permanent resident status, which was granted on June 14, 2019, and applied retroactively to October 27, 2017. ECF No. 5-1 ¶ 8.

On January 18, 2023, Petitioner was convicted of possession of cocaine and possession of a controlled substance. *Id.* ¶ 9. She was transferred from Miami Dade County

Jail to ICE custody on August 15, 2024, issued a Notice to Appear charging her as removable based on a controlled substance conviction, and released on her own recognizance on the same day. *Id.* ¶ 10.

On July 31, 2026, Petitioner was ordered removed to Cuba *in absentia*. ECF No. 5-3 at 2–3. Florida authorities subsequently arrested her for trespass on August 19, 2026 and Petitioner was transferred to ICE custody on September 14, 2026. ECF Nos. 5-1 ¶ 12; 5-2 at 3. Petitioner is currently detained at the Otay Mesa Detention Center. ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

Petitioner contends her detention violates her rights to due process because she was arrested without a Form I-200 warrant. ECF No. 1 at 6–7. In response, Respondents argue Petitioner's removal order became administratively final on July 31, 2026, that 8 U.S.C. § 1231(a) governs Petitioner's detention, and that ICE therefore had no obligation to obtain a Form I-200 warrant. ECF No. 5 at 3–4. Relying on this detention authority, Respondent contend Petitioner's habeas challenge is premature because the presumptively reasonable six-month period of detention recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001) has not yet expired. *Id.* at 3–4. The Court addresses these arguments below.

### A. Detention Authority

The Court's first "task in this case is to determine which provision of the [Immigration and Nationality] Act governs [Petitioner's] detention." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 829 (9th Cir. 2018). Petitioner contends she is detained under § 1226. ECF No. 1 at 6. Respondent, in contrast, contends Petitioner is detained under § 1231 based on an *in absentia* removal order that was purportedly administratively final when ICE took

Petitioner into custody. ECF No. 7 at 2.

Section 1226(a) "grants the Attorney General discretion to detain an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Padilla-Ramirez*, 882 F.3d at 829 (quoting 8 U.S.C. § 1226(a)(1)). "Once an alien has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Here, the applicability of § 1231(a) turns on whether and when Petitioner's *in absentia* removal order became administratively final. Respondent relies on *Yuzi Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021), to argue that the order was final upon entry. ECF No. 7 at 2. *Cui*, however, does not support this conclusion.

In *Cui*, the Court of Appeals held:

> A removal order "become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because *in absentia* removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period.

13 F.4th at 996. Applying this rule, the Court of Appeals held Petitioner's removal order, which was entered on March 4, 2014, did not became final until August 31, 2014. *Id.*

Because Petitioner's *in absentia* removal order was entered on July 31, 2026, the 180-day period for filing a motion to reopen has not yet expired. ECF No. 5-3 at 2–3. Under *Cui*, Petitioner is not therefore currently subject to a final order of removal nor was she subject to a final order when she was detained by immigration authorities. Consequently, her detention is governed by § 1226, not § 1231(a). 13 F.4th at 996; *Valente Fernandez v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-03683-RBM-SBC, 2026 WL 2584991, at *3 (S.D. Cal. Sept. 1, 2026) (concluding that an *in absentia* removal order was not administratively final because the 180-day period had not expired, even where Petitioner had not moved to reopen his immigration case); *see also Khadisov v. Geo Grp. Inc.*, No.

5:26-CV-05495-MAR, 2026 WL 3440828, at *3 (C.D. Cal. Nov. 12, 2026) ("[T]he Ninth Circuit has held that *in absentia* removal orders do not become final until the end of the 180-day period to file a motion to re-open, if no motion to re-open is filed."); *Singh v. Warden of Golden State Annex Facility*, No. 1:26-CV-04514-KES-FJS (HC), 2026 WL 2078193, at *2 (E.D. Cal. July 18, 2026) ("As 180 days have not yet passed, the *in absentia* removal order is not administratively final."); *N.Y.F.S. v. Bondi*, No. 2:25-CV-02556-LK, 2026 WL 91889, at *2 (W.D. Wash. Jan. 13, 2026) ("Petitioner's removal order became final 180 days after the order of removal was issued.").

**B. Sufficiency of the Warrant**

The Court next considers whether the Form I-205 warrant produced by Respondent authorized Petitioner's arrest and detention.

"Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation." *Lopez-Ruiz v. Larose*, No. 3:26-CV-05744-RBM-AHG, 2026 WL 3373214, at *3 (S.D. Cal. Nov. 6, 2026). "Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations up to the time removal proceedings are completed." *Id.* (internal quotation marks omitted). "After removal proceedings [are] completed, if a noncitizen received a 'final administrative removal order,' they are detained through a Form I-205 Warrant of Removal/Deportation." *Id.*; *see also Heath v. Blanche*, No. 2:26-CV-03268-MMD-MDC, 2026 WL 3391227, at *1 (D. Nev. Nov. 9, 2026) ("Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation."); *Gumaneh v. Hernandez*, No. C26-2767-BAT, 2026 WL 2624291, at *3 (W.D. Wash. Sept. 4, 2026) (explaining that Form I-200 warrants are used while removal proceedings remain pending, whereas Form I-205 warrants are used once a removal order becomes final).

Respondent acknowledges this distinction but maintains that ICE properly arrested Petitioner pursuant to a Form I-205 warrant because she was subject to a final removal order. ECF No. 7 at 2. As explained above, however, Petitioner's removal order was not

administratively final when ICE arrested her. Section 1226 therefore governed her detention, and Respondent identifies no authority permitting a Form I-205 warrant to substitute for the Form I-200 warrant applicable under that provision. *See Montes Barrena v. Blanche*, No. 2:26-CV-02630-JAD-MDC, 2026 WL 3406962, at *1–2 (D. Nev. Nov. 9, 2026) (granting habeas relief where ICE used a Form I-200 warrant, rather than the required Form I-205 warrant, to arrest a petitioner subject to a final order of removal); *Escobar Nerio v. Blanche*, No. 2:26-CV-02010-MMD-NJK, 2026 WL 2983494, at *3–4 (D. Nev. Oct. 5, 2026) (holding that a Form I-200 warrant did not authorize the arrest of a petitioner subject to a final order of removal and rejecting the contention that use of the wrong warrant form was immaterial).

Although Petitioner seeks immediate release, ECF No. 1 at 7, the Court concludes that the appropriate remedy is an initial custody determination under § 1226(a), followed by an individualized bond hearing if Petitioner remains detained pursuant to a valid Form I-200 warrant. *See Aguilar-Martin v. Blanche*, No. 3:26-CV-03130-RBM-DDL, 2026 WL 2200425, at *3–4 (S.D. Cal. July 30, 2026) (declining to order immediate release and instead directing an initial custody determination, issuance of a warrant if necessary, and a bond hearing if detention continued); *Marcelino v. LaRose*, No. 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *2–3 (S.D. Cal. July 30, 2026) (same); *Gonzalez-Ramos v. Mullin*, No. 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026) (ordering custody review and a bond hearing rather than immediate release based on the asserted warrant defect).

## IV. CONCLUSION

For the reasons stated above, the Petition is **GRANTED IN PART** and **DENIED** to the extent it seeks immediate release.

Within **48 hours** of the issuance of this Order, Respondent shall conduct an initial custody determination under 8 U.S.C. § 1226(a) to determine whether to release Petitioner or continue her detention.

///

If Respondent elects to continue Petitioner's detention, Respondent shall immediately seek a valid Form I-200 arrest warrant unless one has already been issued. If no valid warrant is issued, Respondent shall release Petitioner.

If Petitioner remains detained pursuant to a valid warrant, Respondent shall provide her with an individualized bond hearing under § 1226(a) within **seven (7) days** of the initial custody determination, unless Petitioner requests a continuance.

Respondent shall file a status report confirming compliance with this Order, including the outcome of the initial custody determination and the status or outcome of any bond hearing, on or before **December 4, 2026**.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Hon. Robert S. Huie
United States District Judge